UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH B. CAMPBELL, | : | |
|     Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:17–cv–774 (JCH) |
| v. | : | |
| | : | |
| TDX CONSTRUCTION CORP. et al., | : | JULY 18, 2017 |
|     Defendants. | : | |

**ORDER**

On June 6, 2017, the court affirmed and adopted a Recommended Ruling (Doc. No. 10) that recommended denying without prejudice a Motion for Leave to Proceed In Forma Pauperis, filed by plaintiff Keith B. Campbell ("Campbell"). See Order (Doc. No. 13). The court ordered that Campbell was to pay the filing fee no later than July 1, 2017, or the case would be dismissed. Id.

Plaintiff submitted a filing docketed as a Response to the Recommended Ruling, see generally Response (Doc. No. 15), which the court liberally construed as a Motion for Reconsideration of the court's Order affirming and adopting the Recommended Ruling, see generally Order (Doc. No. 16). Treating the Response as such, the court denied the Motion, and again ordered Campbell to pay the filing fee no later than July 1, 2017. See Order (Doc. No. 16).

Now, Campbell has filed another Response, but once more has failed to correct the deficiencies in his in forma pauperis application or to pay the court's filing fee as ordered. See generally Response (Doc. No. 17)

In addition, even if the court were to grant Campbell permission to proceed in forma pauperis, Campbell's Complaint, see generally Compl. (Doc. No. 1), fails to state a claim for which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii). To survive

dismissal for failure to state a claim, a complaint must plead sufficient facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Campbell's Complaint fails to meet this standard and its allegations are mostly nonsensical. See generally Compl.; Recommended Ruling at 3–5.

Moreover, section 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989). The court exercises caution in dismissing a case under section 1915(e), because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See id. at 329. Nevertheless, even read liberally in light of plaintiff's pro se status, the Complaint "lacks even an arguable basis in law . . . ." See id. at 328; Abascal v. Jarkos, 357 F. App'x 388, 390 (2d Cir. 2009) ("Where the factual allegations supporting a claim describe fantastic or 'delusional scenarios,' the claims are properly dismissed as 'clearly baseless.'" (citing Neitzke, 490 U.S. at 327–28)).

Accordingly, the Complaint is **DISMISSED WITH PREJUDICE**. See 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**SO ORDERED.**

Dated at New Haven, Connecticut this 18th day of July, 2017.

                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge